# EXHIBIT "A"

**MESSA & ASSOCIATES, P.C.**
By:    Joseph L. Messa, Jr., Esquire
       jmessa@messalaw.com
       Attorney ID No.: 53645
       Laura E. Laughlin, Esquire
       llaughlin@messalaw.com
       Attorney ID No.: 311896
123 S. 22nd Street
Philadelphia PA 19103
(215) 875-8000

*Filed and Attested by the*
*Office of Judicial Records*
*12 MAY 2025 03:46 pm*
*E. BALILONIS*

Attorneys for Plaintiff

| | |
|---|---|
| MARIA CORTESE, Individually and as Executrix of the ESTATE OF ANNA CORTESE<br>19 Soundview Drive<br>Eastchester, New York 10709<br><br>Plaintiff<br><br>v.<br><br>THE CORPORATION OF HAVERFORD COLLEGE D/B/A HAVERFORD COLLEGE<br>370 Lancaster Avenue<br>Haverford, Pennsylvania 19041<br><br>and<br><br>CLUB CAR, LLC<br>4125 Washington Road,<br>Evans, Georgia 30809<br><br>and<br><br>JOHN DOES 1-10<br><br>and<br><br>ABC CORPORATIONS 1-10<br><br>Defendants | COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br>MAY TERM 2025<br>NO.<br><br>**JURY TRIAL DEMANDED** |

<table>
<tr>
<th align="center">NOTICE</th>
<th align="center">AVISO</th>
</tr>
<tr>
<td>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are</td>
<td>Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda</td>
</tr>
</table>

Case ID: 250501501

**served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**
*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*
**Philadelphia County Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

**y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**
*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*
**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 - TTY (215) 451-6197**

## CIVIL ACTION COMPLAINT

### I.    PARTIES

1.    Plaintiff Maria Cortese is the Executrix of the Estate of Anna Cortese and was appointed and granted letters by the Westchester County, New York Surrogate's Court on May 8, 2025.  *See* a true and accurate copy of Letters Testamentary at Exhibit "A."

2.    Anna Cortese, Deceased, was an adult individual who died unexpectedly on April 4, 2025. Prior to her death, Anna Cortese lived at 25 Forbes Boulevard, East Chester, New York 10709.

3.    Plaintiff Maria Cortese, daughter of Anna Cortese, was named as Executrix in Anna Cortese's will.

4.    Maria Cortese is an adult individual who resides at 19 Soundview Drive, Eastchester, New York 10709.

5.    Defendant The Corporation of Haverford College d/b/a Haverford College (hereinafter referred to as "Haverford College") is a private undergraduate educational institution

Case ID: 250501501

licensed to do business in Pennsylvania with its main campus located at 370 Lancaster Avenue, Haverford, Pennsylvania 19041.

6.      Defendant Haverford College continuously and systematically conducts business in Philadelphia through its classes and programming in its "Tri-Co Philly Program," located at 1501 Cherry Street, Philadelphia, Pennsylvania, its academic partnerships in Philadelphia, and through its recruitment of and advertisement toward students in Philadelphia.

7.      Defendant Club Car, LLC is a golf cart manufacturer and seller with its headquarters located at 4125 Washington Road, Evans, Georgia 30809.

8.      Defendant Club Car, LLC continuously and systematically conducts business in Philadelphia, Pennsylvania through the sale, advertising, and maintenance of its golf carts throughout Philadelphia.

9.      Defendants John Does 1-10 are responsible for the ownership, creation, design, maintenance, sale, distribution, instructions, training and safety of the golf cart involved in the incident mentioned in this Complaint.

10.     Defendants ABC Corporations 1-10 are responsible for the ownership, creation, design, maintenance, sale, distribution, instructions, training and safety of the golf cart involved in the incident mentioned in this Complaint.

11.     At all relevant times, Defendants Haverford College, Club Car, LLC, John Does 1-10, and ABC Corporations 1-10 acted through their employees, agents, servants, and/or ostensible agents and are therefore, directly and vicariously liable for their conduct.

**II.    FACTS**

12.     On May 13, 2023, Decedent Anna Cortese was at Defendant Haverford College to attend her grandson's graduation ceremony.

3

Case ID: 250501501

13.     Upon information and belief, Defendant Haverford College instructed its students, who were acting as employees, agents, and/or ostensible agents of Haverford College, to drive graduation attendees in golf carts from the parking lot to the graduation ceremony location on campus.

14.     On May 13, 2023, Anna Cortese and her family members were invited onto the golf cart, which was a Club Car, LLC golf cart with Haverford College signs on it, to be transported to the graduation ceremony.

15.     The golf cart was parked on a hill, with the back of the golf cart slanting downward.

16.     Anna Cortese and Plaintiff Maria Cortese were in the process of sitting down on the back bench seat of the golf cart when suddenly, and without warning, the golf cart jerked forward, knocking both Maria Cortese and Anna Cortese off the back of the golf cart and onto the hard pavement.

17.     Upon information and belief, the driver of the golf cart, who was acting on behalf of and with the authority of Defendant Haverford College, attempted to drive the golf cart forward, but when he placed his foot on the gas pedal, the golf cart did not move.

18.     Upon information and belief, the driver of the golf cart pushed the gas pedal down a second time, which caused the golf cart to jerk forward.

19.     At all relevant times, the student employee, agent, and/or ostensible agent who was operating the golf cart was acting on behalf of and under the supervision, direction and control of Defendant Haverford College.

20.     The golf cart involved in the incident was manufactured, sold, distributed, designed, and/or maintained by Defendant Club Car, LLC, John Does 1-10 and/or ABC Corporations 1-10 and these Defendants were responsible for ensuring the golf cart was safe for use.

Case ID: 250501501

21.     The golf cart involved in the incident was owned, operated, maintained and controlled by Defendant Haverford College and Defendant Haverford College was responsible for ensuring the golf cart was safe for use.

22.     Anna Cortese was in immense pain immediately upon hitting the ground and was transported by ambulance to Bryn Mawr Hospital.

23.     At the hospital, Anna Cortese was diagnosed with a right femoral fracture, which required surgery.

24.     Shortly after the surgery, due to her injuries from the fall from the golf cart, Anna Cortese suffered a stroke.

25.     Anna Cortese remained inpatient at Bryn Mawr Hospital for approximately ten days and was then discharged to a rehabilitation center.

26.     Due to Anna Cortese's injuries sustained from the fall off the golf cart, she lost her independence and her daughter Maria Cortese had to move in with Anna to care for her.

27.     Anna Cortese continued to require medical treatment and interventions due to her injuries sustained in the May 13, 2023 fall, which ultimately caused her death on April 4, 2025.

28.     Defendants' negligence caused her injuries and increased the risk of harm to Decedent that she would suffer injuries and death.

29.     As a direct and proximate result of the carelessness and negligent acts of Defendants, Decedent Anna Cortese sustained serious and permanent injuries including, but not limited to:

  a.  Femur fracture;

  b.  Stroke;

  c.  Death;

Case ID: 250501501

d.  Sepsis;

e.  Septic shock;

f.  Cardiac arrest;

g.  Urinary tract infections;

h.  Need for surgery;

i.  Scarring;

j.  Need for inpatient hospitalizations;

k.  Need for inpatient rehabilitation;

l.  Need for medical treatment;

m.  Need for loop recorder implant;

n.  Extremity weakness;

o.  Loss of independence;

p.  Hip pain;

q.  Back pain;

r.  Cognitive issues;

s.  Insomnia;

t.  Depression;

u.  Anxiety;

v.  Memory loss;

w.  Balance issues;

x.  Leg length discrepancy;

y.  Fatigue;

z.  Weakness;

Case ID: 250501501

aa. Dizziness;

bb. Lethargy;

cc. Need for medical treatment;

dd. Past medical costs for treatment;

ee. Physical pain and suffering;

ff. Psychological pain and suffering;

gg. Mental anguish;

hh. Embarrassment and humiliation;

ii. Loss of life's pleasures; and

jj. Need for medications.

## III.    CLAIMS

30.    Maria Cortese, Executrix of the Estate of Anna Cortese, brings this action on behalf of the Estate of Anna Cortese under and by virtue of 42 Pa. C.S.A. §8302, the Pennsylvania Survival Act, and the applicable rules of civil procedure and decisional law.

31.    On behalf of the Survival Act beneficiaries, the Executrix claims all loss of income, retirement, and social security income as a result of Anna Cortese's death.

32.    On behalf of the Survival Act beneficiaries, the Executrix claims damages for the pain, suffering and inconvenience endured by Anna Cortese, including, but not limited to, her physical pain and suffering and mental pain and suffering.

33.    Plaintiff claims the full measure of damages under the Survival Act and decisional law interpreting the Act.

Case ID: 250501501

34.     Plaintiff Maria Cortese, Executrix of the Estate of Anna Cortese, brings this action on behalf of the beneficiaries under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, and the applicable rules of civil procedure and decisional law.

35.     As a result of Defendants' negligent acts and omissions, Anna Cortese suffered grave injuries and death resulting in damages to those individuals defined as beneficiaries under the Wrongful Death Act.

36.     Maria Cortese, as Executrix of the Estate of Anna Cortese, claims all administration expenses recoverable under the Wrongful Death Act, including, but not limited to, damages for hospital, medical, funeral and burial expenses and all expenses of administration made necessary because of Anna Cortese's death.

37.     The Wrongful Death Act beneficiaries are:

      i.   Maria Cortese, daughter; and

     ii.   Gianna Cortese Fleischmann, daughter.

38.     On behalf of the Wrongful Death Act beneficiaries, the Executrix claims damages for monetary support that Anna Cortese would have provided to the beneficiary during their lifetime, including, but not limited to, the support provided or which could have been expected to have been provided to the beneficiary.

39.     On behalf of the Wrongful Death Act beneficiary, the Executrix claims damages for loss of companionship, comfort, society, guidance, solace, and protection by the Decedent.

40.     On behalf of the Wrongful Death Act beneficiaries, the Executrix claims damages for the full damages allowed under the Wrongful Death Act of Pennsylvania and decisional law interpreting the Act.

Case ID: 250501501

## COUNT I - NEGLIGENCE
## PLAINTIFF V. THE CORPORATION OF HAVERFORD COLLEGE
## D/B/A HAVERFORD COLLEGE

41.    Plaintiff incorporates herein by reference all above paragraphs as fully as if set forth at length below.

42.    Defendants owed a duty to Anna Cortese as an invitee on campus to keep her safe, act reasonably under the circumstances, and prevent injury to her.

43.    Defendants breached their duty to Anna Cortese, which caused her injuries and ultimate death.

44.    At all relevant times hereto, the negligence and carelessness exhibited by Defendant, by and through their agents, servants, contractors, subcontractors, employees, students and/or workmen, who were acting within the course and scope of their agency and/or employment, consisted of at least the following:

      (a)    Negligent operation of a golf cart;

      (b)    Failure to train the operators of the golf cart;

      (c)    Failure to properly maintain the golf cart;

      (d)    Failure to have policies and procedures regarding operation of the golf cart;

      (e)    Failing to supervise the operator of the golf cart;

      (f)    Failing to have a safe plan in place to transport invitees to the graduation ceremony;

      (g)    Negligent hiring;

      (h)    Negligent retention;

      (i)    Failure to do proper background checks;

      (j)    Negligent creation of a hazardous condition;

      (k)    Failure to inspect or properly inspect the golf carts;

9

Case ID: 250501501

(l)     Failing to provide safe transport to the graduation ceremony;

(m)    Negligent undertaking of a duty to transport guests safely;

(n)     Failure to repair the golf cart;

(o)     Failing to reasonably inspect golf cart;

(p)     Failure to hire competent drivers;

(q)     Failure to enforce policies and procedures related to use of golf carts;

(r)     Failure to enforce training related to use of golf carts;

(s)     Failure to wait until passengers were completely seated in golf cart before driving golf cart;

(t)     Failure to ensure passengers were safely seated before driving the golf cart;

(u)     Negligently parking golf cart on an incline;

(v)     Failure to slowly press gas pedal to avoid abrupt start of the golf cart;

(w)    Failure to warn passengers before driving golf cart; and

(x)     Negligent operation of the golf cart.

45.     As a direct result of Defendant's negligence, Anna Cortese was caused to sustain the injuries and damages noted in paragraph 29 above.

46.     The negligence of Defendant increased the risk of harm that Anna Cortese has suffered.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally together, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs and such other damages the Court deems appropriate.

Case ID: 250501501

## COUNT II - NEGLIGENCE
## PLAINTIFF V. CLUB CAR, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10

47.     Plaintiff incorporates herein by reference all above paragraphs as fully as if set forth at length below.

48.     Defendants owed a duty to Decedent, to design, maintain, create, build, and sell golf carts, including the subject golf cart, that were safe, reliable, and compliant with applicable standards of care.

49.     Defendants breached its duty to Anna Cortese, which caused her injuries and ultimate death.

50.     At all relevant times, the negligence and carelessness exhibited by Defendants, by and through their agents, servants, contractors, subcontractors, employees, and/or workmen, who were acting within the course and scope of their agency and/or employment, consisted of at least the following:

> (a) designing, manufacturing, distributing, supplying, installing and/or selling a defective and unreasonably dangerous product;
>
> (b) designing, manufacturing, distributing, supplying, installing, and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;
>
> (c) failing to incorporate an alternative and safer design to minimize the risk of failure and/or injury during operation of the product;
>
> (d) failing to properly inspect or test the Product in order to identify and correct any defective or unreasonably dangerous conditions discovered;
>
> (e) failing to warn users, employers, and others about the defective product;
>
> (f) negligently and carelessly designing, manufacturing, distributing, supplying, installing, and/or selling the product without adequate instructions, warnings, safeguards and/or protective devices;

11

Case ID: 250501501

(g) negligently, carelessly, and recklessly designing, manufacturing, selling, installing, and/or supplying a product which lacked adequate safeguards to prevent injuries to passengers;

(h) designing, manufacturing, and/or selling a product that fails during normal and foreseeable use;

(i) designing, manufacturing, and/or selling a product that malfunctioned during normal and foreseeable use;

(j) designing, manufacturing, and/or selling a product that lacked necessary safety measures;

(k) defectively designing the product, insofar as failing to equip the product with adequate safety measures which would prevent the incident described herein and/or injuries to users during normal and foreseeable use of the product;

(l) negligently installing, designing, distributing, supplying, maintaining, inspecting, and/or repairing the product;

(m) designing, manufacturing, supplying, and/or distributing a product which lacked adequate safety devices;

(n) negligently designing, manufacturing and/or supplying a golf cart without adequate warnings, instructions and/or other written materials; and

(o) failing to act as a reasonable seller, designer, manufacturer, and/or distributor of golf carts.

51.     As a direct result of Defendants' negligence, Anna Cortese was caused to sustain the injuries and damages noted in paragraph 29 above.

52.     The negligence of Defendants increased the risk of harm that Anna Cortese has suffered.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally together, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs and such other damages the Court deems appropriate.

12

Case ID: 250501501

## COUNT III – STRICT LIABILITY
## <u>PLAINTIFF V. CLUB CAR, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10</u>

53.     Plaintiff incorporates herein by reference all above paragraphs as fully as if set forth at length below.

54.     Defendants owed a duty to Decedent, to design, maintain, create, build, sell, and distribute golf carts, including the subject golf cart, that were safe, reliable, and compliant with applicable standards of care.

55.     Defendants, individually or collectively, individually and/or collectively, designed, manufactured, distributed, supplied, installed and/or sold the golf cart in a defective and unreasonably dangerous condition.

56.     The golf cart was unsafe, unreasonably dangerous, and defective for reasons that include, but are not limited to:

(a) Being defective and unreasonably dangerous;

(b) Lacking the necessary elements to make it safe for use and/or containing elements that made it unsafe;

(c) Designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product;

(d) failing to incorporate an alternative and safer design and/or other devices to minimize the risk of failure and/or injury;

(e) failing to properly inspect or test the product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

(f) failing to warn users, employers, and others about the defective product;

(g) designing, manufacturing, distributing, supplying and/or selling the product without adequate instructions, warnings, safeguards and/or protective devices in order to operate golf cart safety;

13

Case ID: 250501501

(h) designing, manufacturing, and/or selling a product that malfunctioned during normal and foreseeable use;

(i) designing, manufacturing, supplying, and/or distributing a product which lacked adequate safety devices, including when engaging the gas pedal;

(j) defectively designing the product, insofar as failing to equip the product with adequate safety measures which would prevent incidents such as Plaintiff's during normal and foreseeable use;

(k) failing to equip the product with safety measures to prevent failure to start when engaging gas pedal;

(l) failing to provide post-sale warnings of defects which were discovered following the sale of the product;

(m) making misrepresentations about the character of quality of the product which were contained on the on-product labeling and/or the product's literature and/or advertising;

(n) designing, manufacturing, and/or selling a product that fails during use; and

(o) failing to contain adequate warnings, instructions, safeguards, labels, decals, etc. to users, employers, and others about its risks during normal operation and the nature of the defect and/or hazard in the product.

57.    The golf cart was unreasonably dangerous and lacked the necessary elements to make the use of the product safe and/or contained unnecessary elements that made it unsafe.

58.    The golf cart lacked adequate instructions, warnings, safeguards and/or protective devices.

59.    The golf cart was defective, the defect(s) caused Plaintiff's injury, and the defect(s) existed at the time the product left the Defendants' control.

60.    The golf cart malfunctioned as defined by Pennsylvania law, that is, there is

Case ID: 250501501

circumstantial evidence that the Product had a defect, even if the defect cannot be identified, the circumstantial evidence eliminates abnormal use and/or reasonable, secondary causes, and such defects existed at the time the product left the Defendants' control, and therefore an inference exists that the product failed due to a defect.

61.    The golf cart failed to perform as a reasonable customer might expect.

62.    The aforementioned defect(s) was/were a factual, legal, and substantial cause of the injuries and damages sustained by Plaintiff as set forth more fully above and incorporated herein by reference.

63.    Accordingly, Defendants are strictly liable for the injuries and damages sustained by Plaintiff pursuant to the Restatement (Second) of Torts and/or Pennsylvania common law.

64.    As a direct result of Defendants' conduct, Anna Cortese was caused to sustain the injuries and damages noted in paragraph 29 above.

65.    The conduct of Defendants increased the risk of harm that Anna Cortese has suffered.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally together, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs and such other damages the Court deems appropriate.

## COUNT IV – BREACH OF WARRANTY
## PLAINTIFF V. CLUB CAR, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10

66.    Plaintiff incorporates herein by reference all above paragraphs as fully as if set forth at length below.

67.     Defendants expressly and/or impliedly warranted that the aforementioned product

Case ID: 250501501

(golf cart) was of merchantable quality, fit, safe and in the proper condition for the ordinary use for which it was designed and used.

68.    The subject product (golf cart) was unfit, unsafe, not merchantable, and not fit for its particular purpose, for reasons that include but are not limited to:

(a) being defective and unreasonably dangerous;

(b) lacking the necessary elements to make it safe for use and/or containing elements that made it unsafe;

(c) designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product;

(d) failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the product;

(e) failing to properly inspect or test the product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

(g) failing to warn users, employers, and others about the defective product;

(h) designing, manufacturing, distributing, supplying and/or selling the Product without adequate instructions, warnings, safeguards and/or protective devices;

(i) designing, manufacturing, and/or selling a Product that malfunctioned during normal and foreseeable use;

(j) defectively designing the Product, insofar as failing to equip the Product with adequate safeguards and safety measures, which would prevent incidents such as Plaintiff's during normal and foreseeable use;

(k) failing to equip the product with safety measures to prevent failure to start when engaging gas pedal;

(l) designing, manufacturing, supplying, and/or distributing a product which lacked adequate safety devices;

16

Case ID: 250501501

(m) designing, manufacturing, and/or selling a Product that fails during use; and

(n) failing to contain adequate warnings, instructions, safeguards, labels, decals, etc. to users, employers, and others about its risks during normal operation and the nature of the defect and/or hazard in the Product.

69. In using the aforementioned product (golf cart), Plaintiff relied upon the skill, judgment and implied warranty of merchantability of Defendant, as well as other warranties made by Defendants.

70. The aforementioned product (golf cart), however, was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary purposes for which it was intended.

71. As a result of the breach of express and/or implied warranties of the Defendant, Plaintiff suffered injuries and damages as set forth more fully above and incorporated herein by reference.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally together, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs and such other damages the Court deems appropriate.

**MESSA & ASSOCIATES, P.C.**

By:    _/s/ Laura E. Laughlin_
        JOSEPH L. MESSA, JR., ESQUIRE
        LAURA E. LAUGHLIN, ESQUIRE
Dated: May 12, 2025          Counsel for Plaintiff

17

Case ID: 250501501

**VERIFICATION**

I, Maria Cortese, hereby verify that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements made here may be subject to the penalties of 18 Pa C.S. Section 4904 relating to unsworn falsification to authorities.

_____
MARIA CORTESE

Dated: May 12, 2025



# EXHIBIT A

Case ID: 250501501

***On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:***

File #:  **2025-1246/A**

Name of Decedent:  **Anna Cortese**
                 AKA  **Anna M Cortese**

Date of Death: **April 4, 2025**

Domicile of Decedent:  **Eastchester, New York**

Fiduciary Appointed:  **Maria Cortese**
Mailing Address      19 Soundview Dr
                     Eastchester NY  10709

Letters Issued:  **PRELIMINARY LETTERS TESTAMENTARY**

Letters Expire:  **November 8, 2025**

Limitations:  **These Letters shall confer upon the fiduciary all the power and authority and subject the fiduciary to all the duties and liabilities of an administrator of the goods, chattels and credits of an intestate, except that they shall not confer any power to pay or to satisfy a legacy or a distributive share or to sell, mortgage, lease or otherwise dispose of property specifically bequeathed or devised by the instrument offered for probate except with the written consent of the specific legatee or devisee or by Court order. The Letters shall expire six (6) months from the date issued above unless extended by Order of the Court.**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

**Dated:  May 8, 2025**



IN TESTIMONY WHEREOF, the seal of the Westchester County Surrogate's Court has been affixed.

WITNESS, Hon Brandon R. Sall, Judge of the Westchester County Surrogate's Court.

_____
Eugene G. Yates, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Westchester County Surrogate's Court*

**Attorney:**
**Albert W. Cornachio PC**
800 Westchester Avenue Suite S608
Rye Brook NY  10573

Case ID: 250501501