IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA CORTESE, Individually and as Executrix of the ESTATE OF ANNA CORTESE | : <br> : CIVIL ACTION NO. 2:25-cv-02616 <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| THE CORPORATION OF HAVERFORD COLLEGE D/B/A HAVERFORD COLLEGE | : <br> : JURY TRIAL DEMANDED <br> : |
| and | : <br> : |
| CLUB CAR, LLC | : <br> : |
| and | : <br> : |
| JOHN DOES 1-10 | : <br> : |
| and | : <br> : |
| ABC CORPORATIONS 1-10 | : <br> : |
| Defendants. | : |

**ANSWER OF DEFENDANT, THE CORPORATION OF HAVERFORD COLLEGE D/B/A HAVERFORD COLLEGE TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS <u>PURSUANT TO FED. R.CIV.P. 13(G)</u>**

Defendant, The Corporation of Haverford College d/b/a Haverford College (hereinafter sometimes referred to as "Answering Defendant"), by and through its undersigned attorneys, hereby submits the following Answer to Plaintiffs' Complaint with Affirmative Defenses and Cross-Claims Pursuant to Fed.R.Civ.P. 13(G), and in support thereof, avers as follows:

1.- 4.   Denied.  After reasonable investigation, Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs of Plaintiffs' Complaint, and therefore the averments are denied and strict proof thereof is demanded at the time of trial.

5. Admitted.

6. Denied. It is admitted only that Answering Defendant has a Tri-Co Philly Program as a part of its academic curriculum. The remaining allegations of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial.

7. – 8. Denied. The allegations in these paragraphs are directed to a party other than Answering Defendant and therefore no response is required.

9. – 10. Denied. The allegations in these paragraphs are directed to parties other than Answering Defendant and therefore no response is required.

11. Denied. The allegations concerning unidentified employees, agents, servants and/or ostensible agents acting within the scope of their employment are denied. Furthermore, the allegations of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial.

II. FACTS

12. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Complaint, and therefore the averments are denied and strict proof thereof is demanded at the time of trial.

13. – 14. Denied as characterized. It is admitted only that Answering Defendant engaged relevant personnel, as a courtesy to family members of graduates, to drive graduation attendees in rented golf carts from the parking lot to the graduation ceremony location on campus.

Furthermore, the allegations of this paragraph of Plaintiffs' Complaint are denied as conclusions of law and strict proof thereof is demanded at the time of trial.

15. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial.

16. Denied as characterized, with strict proof thereof demanded at the time of trial.

17. – 18. Denied as characterized. It is admitted only that at the time of the subject incident, an employee of Answering Defendant was operating the golf cart at issue. As to the remaining averments of these paragraphs, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial.

19. Denied. The allegations concerning unidentified employees, agents, servants and/or ostensible agents acting within the scope of their employment are denied. Furthermore, the allegations of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial.

20. Denied. The allegations in this paragraph are directed to parties other than Answering Defendant and therefore no response is required.

21. Denied as characterized. Answering Defendant specifically denies that at the time of the subject incident, it owned, maintained and controlled the golf cart at issue, and strict proof of these averments is demanded at the time of trial. It is admitted only that at the time of the subject incident, an employee of Answering Defendant was operating the golf cart at issue.

Finally, the allegations of this paragraph are denied as conclusions of law and strict proof thereof is demanded at the time of trial.

22. – 27.   Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial.

28.   Denied.  All allegations of negligence, carelessness and causation of Decedent's accident or injuries described in Plaintiffs' Complaint directed towards Answering Defendant are specifically denied, with strict proof thereof demanded at the time of trial.  By way of further response, the allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

29.   Denied.  All allegations of negligence, carelessness and causation of Plaintiff's accident or injuries described in Plaintiffs' Complaint directed towards Answering Defendant are specifically denied, with strict proof thereof demanded at the time of trial.  By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial. Finally, the allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

**III.   CLAIMS**

30.   Denied.  The allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

31. – 33.   Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial.

34.   Denied.  The allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

35. – 40.   Denied.  All allegations of negligence, carelessness and causation of Plaintiff's accident or injuries described in Plaintiffs' Complaint directed towards Answering Defendant are specifically denied, with strict proof thereof demanded at the time of trial.  By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial. Finally, the allegations contained in these paragraphs of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. THE CORPORATION OF HAVERFORD COLLEGE D/B/A HAVERFORD COLLEGE**

41.   Answering Defendant incorporates, by reference and as though fully set forth herein, its responses to the preceding paragraphs of Plaintiffs' Complaint and thereafter, its Affirmative Defenses and Cross-Claims.

42.   Denied.  The allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

43.   Denied.  The allegations contained in this paragraph of Plaintiffs' Complaint are

denied as conclusions of law to which no response is required and the allegations are denied. To the extent that the allegations in this paragraph are understood to be factual, Answering Defendant specifically denies that it breached any duty relative to decedent that caused her injuries and death, and strict proof thereof is demanded at the time of trial.

44. Denied. All allegations of negligence, carelessness and causation of Plaintiff's accident or injuries described in Plaintiffs' Complaint directed towards Answering Defendant are specifically denied, with strict proof thereof demanded at the time of trial. Furthermore, the allegations concerning unidentified agents, servants, contractors, subcontractors, employees, students and/or workmen acting within the scope of their agency and/or employment are denied. Furthermore, the allegations of these paragraphs are denied as conclusions of law and strict proof thereof is demanded at the time of trial.

45. Denied. All allegations of negligence, carelessness and causation of Plaintiff's accident or injuries described in Plaintiffs' Complaint directed towards Answering Defendant are specifically denied, with strict proof thereof demanded at the time of trial. By way of further response, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs of Plaintiffs' Complaint and therefore, the averments are denied and strict proof thereof is demanded at the time of trial. Finally, the allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

46. Denied. The allegations contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required and the allegations are denied.

**WHEREFORE**, Answering Defendant denies all liability herein and respectfully demands that judgment be entered in its favor, together with interest and costs of defense of this matter.

### COUNT II – NEGLIGENCE
### PLAINTIFF v. CLUB CAR, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10

47.     Answering Defendant incorporates, by reference and as though fully set forth herein, its responses to the preceding paragraphs of Plaintiffs' Complaint and thereafter, its Affirmative Defenses and Cross-Claims.

48. – 52.   Denied.  The allegations in these paragraphs are directed to parties other than Answering Defendant and therefore no response is required.

**WHEREFORE**, Answering Defendant denies all liability herein and respectfully demands that judgment be entered in its favor, together with interest and costs of defense of this matter.

### COUNT III – STRICT LIABILITY
### PLAINTIFF v. CLUB CAR, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10

53.     Answering Defendant incorporates, by reference and as though fully set forth herein, its responses to the preceding paragraphs of Plaintiffs' Complaint and thereafter, its Affirmative Defenses and Cross-Claims.

54. – 65.   Denied.  The allegations in these paragraphs are directed to parties other than Answering Defendant and therefore no response is required.

**WHEREFORE**, Answering Defendant denies all liability herein and respectfully demands that judgment be entered in its favor, together with interest and costs of defense of this matter.

## COUNT IV – BREACH OF WARRANTY
## PLAINTIFF v. CLUB CAR, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10

66. Answering Defendant incorporates, by reference and as though fully set forth herein, its responses to the preceding paragraphs of Plaintiffs' Complaint and thereafter, its Affirmative Defenses and Cross-Claims.

67. – 71. Denied. The allegations in these paragraphs are directed to parties other than Answering Defendant and therefore no response is required.

**WHEREFORE**, Answering Defendant denies all liability herein and respectfully demands that judgment be entered in its favor, together with interest and costs of defense of this matter.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, if any, are barred because any acts and/or omissions which she alleges on the part of Answering Defendant were not substantial or proximate causes or factors of the alleged incident, injuries and damages referenced in Plaintiffs' Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, if any, are barred because their alleged injuries and losses, if any, were caused or contributed to solely or in part by the negligent and/or intentional acts or failures to act of persons, parties or entities other than Answering Defendant, or authorized agents, servants, workers or employees of said entities, over whom Answering Defendant had no control or right of control, and for whom Answering Defendant was not and is not responsible. Therefore, any negligence alleged as to Answering Defendant is specifically denied.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from recovering damages pursuant to the provisions of Pennsylvania's Comparative Negligence Act ("The Fair Share Act"), 42 Pa.C.S. §7102. In the alternative, Plaintiffs' claims, if any, and damages, if any, are barred, limited or reduced by the Pennsylvania Comparative Negligence Act ("The Fair Share Act"), 42 Pa.C.S. §7102.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of the injuries and damages alleged in Plaintiffs' Complaint do not arise out of or were not in any way caused by the incident alleged in Plaintiffs' Complaint and therefore, no cause of action exists.

**SIXTH AFFIRMATIVE DEFENSE**

Answering Defendant did not cause any alleged defective condition of the golf cart at issue at any time relevant hereto.

**SEVENTH AFFIRMATIVE DEFENSE**

Answering Defendant had neither actual nor constructive knowledge of any alleged defective condition of the golf cart at issue at any time relevant hereto.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages were not reasonably foreseeable in light of the nature of the alleged dangerous/defective condition that is the subject of Plaintiffs' Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, if any, are barred by the failure to join indispensable parties.

**CROSS-CLAIMS PURSUANT TO FED.R.CIV.P. 13(G) AGAINST DEFENDANTS CLUB CAR, LLC, JOHN DOES 1-10 AND ABC CORPORATIONS 1-10**

1. Answering Defendant incorporates, by reference and as if fully set forth herein, the factual averments of Plaintiffs' Complaint directed to Defendants, Club Car LLC, John Does

1-10 and ABC Corporations 1-10, without admitting or denying the truth thereof.

    2.    If the averments of Plaintiffs' Complaint are established at trial, all liability on the part of Answering Defendant being specifically denied, it is averred that Defendants Club Car LLC, John Does 1-10 and ABC Corporations 1-10, and/or their agents, contractors, employees, servants, and/or workmen, are solely liable to Plaintiffs, liable over to Plaintiffs, or jointly or severally liable with Answering Defendant, by virtue of their negligence and carelessness, and/or negligent omissions as more fully set forth in Plaintiffs' Complaint, which are incorporated herein for purposes of this cross-claim only.

## RESERVATION OF RIGHTS

Answering Defendant respectfully reserves the right to add additional Affirmative Defenses and/or Cross-Claims as warranted in accordance with applicable Federal Rules of Civil Procedure.

**WHEREFORE**, Answering Defendant denies all liability herein and respectfully demands that judgment be entered in its favor, together with interest and costs of defense of this matter.

    Respectfully Submitted,

    **BENNETT, BRICKLIN & SALTZBURG LLC**

By:    */s/ Michele E. Turner, Esquire*
    Michele E. Turner, Esquire
    Jacob Yzzi, Esquire
    1500 Market Street, 32nd Floor
    Philadelphia, PA 19102
    mturner@bbs-law.com
    yzzi@bbs-law.com
    Attorneys for Defendant,
    The Corporation of Haverford College
    d/b/a Haverford College

Dated: May 28, 2025

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Answer of Defendant, The Corporation of Haverford College d/b/a Haverford College to Plaintiffs' Complaint with Affirmative Defenses and Cross-Claims Pursuant to Fed.R.Civ.P. 13(g) was filed on this date and served upon all counsel of record via ECF Notification and/or Email and/or Regular Mail on this date.

                          Respectfully Submitted,

                          **BENNETT, BRICKLIN & SALTZBURG LLC**

By:    */s/ Jake Yzzi, Esquire*
          Michele E. Turner, Esquire
          Jacob Yzzi, Esquire
          1500 Market Street, 32nd Floor
          Philadelphia, PA 19102
          mturner@bbs-law.com
          yzzi@bbs-law.com
          Attorneys for Defendant,
          The Corporation of Haverford College
          d/b/a Haverford College

Dated: May 28, 2025